# EXHIBIT 1

| STATE OF NORTH CAROLINA | File No. 13 CVS 1845 |
|---|---|
| CUMBERLAND County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Don Bradley WALLACE | |
| Address | **CIVIL SUMMONS** |
| City, State, Zip | ☒ ALIAS AND PLURIES SUMMONS |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| OPTIMUM OUTCOMES, INC., an Illinois corporation | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Optimum Outcomes, Inc.<br>c/o CT Corporation System, Registered Agent<br>150 Fayetteville Street Box 1011<br>Raleigh NC 27601<br><br>WARNING: Per NCGS § 1A-1 Rule 36, Requests for Admissions are served with this Summons. Requests not timely denied will be used to obtain an enforceable money judgment against you. | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Christopher W. Livingston, Esq., NCBN 27282<br>PO Box 220, White Oak NC 28399<br>Phone 910 876 7001<br>chrisatty@hotmail.com, chris@fairdebtlawyer.com | 3/5/13 | 4:39 | ☐ AM ☒ PM |
| | Signature | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts          (Over)

| RETURN OF SERVICE | | | |
|---|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | | |
| **DEFENDANT 1** | | | |
| Date Served | Time Served ☐ AM ☐ PM | | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| **DEFENDANT 2** | | | |
|---|---|---|---|
| Date Served | Time Served ☐ AM ☐ PM | | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA    COUNTY OF CUMBERLAND
                           DISTRICT 12
IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION    FILE NO: 13 CVS 1845

Don Bradley WALLACE,        )
    *Plaintiff*          )
                            )    CIVIL COMPLAINT 
  v.                       )
                            )
OPTIMUM OUTCOMES, INC.,     )
  an Illinois corporation, )
    *Defendant*          )    JURY TRIAL DEMANDED
_____/

1. Per 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227(b)(3), this Court has jurisdiction over the subject matter.

2. Plaintiff seeks actual damages and at least two $4,000 multiples of NCCAA statutory damages, two $1,500 multiples of TCPA statutory damages, and maximum FDCPA statutory damages of $1,000, exceeding $10,001 total.

3. Plaintiff Don Bradley Wallace is an adult with the capacity to sue or be sued for his own account or in a representative capacity on behalf of others.

4. Defendant Optimum Outcomes, Inc. (OO) is a corporation organized under Illinois law (formerly known as Revenue Cycle Solutions, Inc.), admitted to do business in North Carolina, SOSID 0728857, principal office address 2651 Warrenville Road Suite 500, Downers Grove IL 60515, registered agent CT Corporation System, 150 Fayetteville Street Box 1011, Raleigh NC 27601, holds NCDOI collection

1

agency permit 3983, has the capacity to sue or be sued, and is primarily in the business of consumer debt collection.

5. In or around June 2012, OO acquired or merged with FKAACS, Inc. (formerly known as Absolute Collection Service, Inc. or ACS), a corporation organized under North Carolina law, SOSID 0254056, principal office address 421 Fayetteville Street Suite 500, Raleigh NC 27601, holds North Carolina Department of Insurance collection agency permit 988, and is or was primarily in the business of consumer debt collection.

6. ACS employees have testified under oath at depositions that ACS's entire business currently consists of hundreds of thousands of medical debts that it attempts to collect from individual consumers.

7. All debts that ACS attempted to collect were therefore incurred for personal, family, or household purposes.

8. Before Plaintiff had his current mobile phone number, somebody named Wesley Wilson had it.

9. Plaintiff did not give ACS any permission, express or implied, to call his number using any automatic telephone dialing system or an artificial or prerecorded voice, or by any other means.

10. In or around March 2012, ACS's automated dialing system began telephoning Plaintiff repeatedly at his cell

2

number and causing his phone to ring, attempting to collect Wesley Wilson's medical debt from Plaintiff.

11. When Plaintiff answered these calls, an artificial or prerecorded voice delivers a message to Wesley Wilson.

12. Plaintiff is not Wesley Wilson, has never used that name, and does not owe any debt to ACS or any ACS client.

13. These calls came so frequently as to constitute an annoyance to Plaintiff, in addition to the annoyance inherent in being constantly called for somebody else's debt by an automated dialer without permission.

14. These calls used up allowed minutes under Plaintiff's service plan, constituting actual damages.

15. Every time he answered a call from ACS, Plaintiff repeated that he is not Wesley Wilson and that no such person has anything to do with Plaintiff's phone number.

16. On 13 April 2012, for example, ACS called Plaintiff looking for Wesley Wilson, and Plaintiff told ACS again that they had the wrong number and not to call him anymore.

17. ACS disregarded Plaintiff's directive, and continued to call his cell phone frequently.

18. As recounted in over a hundred Better Business Bureau complaints and a well-researched *News & Observer* article of 24 April 2012, ACS has a pattern, practice, and policy of repeatedly calling innocent people in an attempt to collect

3

Case 5:13-cv-00277-FL   Document 1-1   Filed 04/11/13   Page 6 of 9

number and causing his phone to ring, attempting to collect Wesley Wilson's medical debt from Plaintiff.

11. When Plaintiff answered these calls, an artificial or prerecorded voice delivers a message to Wesley Wilson.

12. Plaintiff is not Wesley Wilson, has never used that name, and does not owe any debt to ACS or any ACS client.

13. These calls came so frequently as to constitute an annoyance to Plaintiff, in addition to the annoyance inherent in being constantly called for somebody else's debt by an automated dialer without permission.

14. These calls used up allowed minutes under Plaintiff's service plan, constituting actual damages.

15. Every time he answered a call from ACS, Plaintiff repeated that he is not Wesley Wilson and that no such person has anything to do with Plaintiff's phone number.

16. On 13 April 2012, for example, ACS called Plaintiff looking for Wesley Wilson, and Plaintiff told ACS again that they had the wrong number and not to call him anymore.

17. ACS disregarded Plaintiff's directive, and continued to call his cell phone frequently.

18. As recounted in over a hundred Better Business Bureau complaints and a well-researched *News & Observer* article of 24 April 2012, ACS has a pattern, practice, and policy of repeatedly calling innocent people in an attempt to collect

medical debts they do not owe.

19. Based on those facts, Plaintiff sued ACS for violating the Fair Debt Collection Practices Act and Telephone Consumer Protection Act, file number 12 CVD 4569 in Cumberland County District Court, commenced 15 May 2012.

20. ACS removed the case on or about 18 June 2012 to the U.S. District Court for the Eastern District of North Carolina, case number 5:12cv351-D.

21. Plaintiff and ACS voluntarily settled the case on confidential terms, and on 04 December 2012 Plaintiff filed a stipulated dismissal of the complaint with prejudice.

22. By this time, OO had acquired all of ACS's accounts, business records, phone numbers, and automated dialer system, and on information and belief hired most of ACS's staff, who continued to do the same jobs as before.

23. OO promptly resumed the automated calls to Plaintiff's mobile phone, even though it knew for a fact from ACS phone records and collection notes that he was not Wesley Wilson and that he owed nothing to ACS or any of its clients.

24. For example, OO placed a robo-call to Plaintiff's mobile phone at or about 1539 Eastern time on 20 Dec 2012.

25. For another example, at or about 2:20 Eastern time on 10 Jan 2013, OO's automated dialer left the following message on Plaintiff's mobile phone:

4

> Hello, this is a message for Wesley Wilson once again this is a message for Wesley Wilson if you are not Wesley Wilson please hang up or disconnect immediately if you are Wesley Wilson please continue to listen to this message by continuing to listen to this message you acknowledge you are Wesley Wilson. This is Optimum Outcomes Inc which was previously name revenue cycle solutions inc we are a debt collector this call is an attempt to collect a debt and any information obtained will be used for that purpose please return this call at 800-752-4172. Again that number is 800-752-4172. Thank you.

26. On information and belief, OO made additional calls that Plaintiff cannot immediately locate in his records.

27. Plaintiff did not give OO permission to make any of these calls and had to retain counsel to tell OO to cease robo-calling him.

28. **COUNT ONE: NORTH CAROLINA COLLECTION AGENCY ACT**--The facts as pleaded above show that with every call OO violated NCGS § 58-70-100 in general and -100(3) in particular by attempting to collect an alleged debt by harassing Plaintiff even though he does not owe it and told them to stop, and even though OO knows it is calling the wrong number, entitling Plaintiff to one multiple of maximum per-violation damages for each call per NCGS § 58-70-130, together with actual damages, costs of suit, and attorney fees per NCGS § 75-16.1.

29. **COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT**--The facts as pleaded above show that OO violated 15 U.S.C. § 1692d generally and § 1692d(5) specifically by harassing

5

Plaintiff even though he told them to stop and even though OO knows that it is calling the wrong number, entitling Plaintiff to maximum actual and statutory damages, together with attorney fees and costs of suit, per 15 U.S.C. § 1692k(a).

30. **COUNT THREE: TELEPHONE CONSUMER PROTECTION ACT**-- The facts as pleaded above show that OO violated 47 U.S.C. § 227(b)(1)(A)(iii) repeatedly and willfully, entitling Plaintiff to an injunction forbidding any more calls to any of his numbers, together with $500 statutory damages per unauthorized call, tripled for knowing and willful violation, per § 227(b)(3).

**WHEREFORE**, Plaintiff prays judgment against Defendant for damages and injunctive relief as pleaded above plus attorney fees and costs as allowed by law, together with such other and further relief as this Court finds lawful and just.

TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted,

_____
Christopher W. Livingston Esq., NC Bar No. 27282
PO Box 220, White Oak NC 28399
Phone 910 876 7001
Email chrisatty@hotmail.com, chris@fairdebtlawyer.com